IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

XEROX CORPORATION,
               Plaintiff,

                                                     CV. 05-532-PK

                                                     FINDINGS AND
v.                                                    RECOMMENDATION

BK DIRECT, LLC, FINANCIAL
MARKETING ALLIANCE, INC., and
FINANCIAL MARKETING ALLIANCE,
LLC,
               Defendants.

_____

PAPAK, Magistrate Judge:

     Plaintiff and defendants are parties to a contract for lease of office equipment.  Plaintiff

brings claims for breach of contract, common count and unjust enrichment.  Plaintiff filed a

motion for summary judgment on March 16, 2006, to which defendants did not respond by the

extended under advisement date of May 8, 2006.  This court has jurisdiction under 28 U.S.C. §

1332 based on the diversity of the parties.  For the following reasons, this court recommends

Page 1 - FINDINGS AND RECOMMENDATION

granting plaintiff's motion for summary judgment.

LEGAL STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Bahn v. NME Hosp's, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).

The moving party carries the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the nonmoving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Id.

The court must view the evidence in the light most favorable to the non-moving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Ins. Co. Of N. Am., 638 F.2d 136, 140 (9th Cir. 1981). However, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

FACTUAL BACKGROUND

Page 2 - FINDINGS AND RECOMMENDATION

Plaintiff Xerox Corporation filed a complaint with this court on April 15, 2005, for breach of contract, common count, unjust enrichment, and recovery of personal property. The subject of this action is an allegedly breached lease agreement between Xerox and defendants for office equipment. On or about January 16, 2003, in Portland, Oregon, Financial Marketing Alliance, LLC (FMAL)[1] executed and delivered to Xerox a written lease agreement. On or about December 31, 2003, FMAL allegedly breached the lease agreement by failing to remit the required payments to Xerox. By the terms of the lease agreement, the entire remaining balance is due and owing upon a breach. The total amount of FMAL's arrearage on the lease agreement is $197,302.35.

On July 6, 2005, defendants filed an answer and a counterclaim that merely seeks attorney fees and costs under the lease agreement. Discovery proceeded but yielded little information beyond defendants' objections to Xerox's discovery requests. Defendants also failed to appear for depositions noticed by Xerox. Defendants did admit, however, that Richard East is the manager of FMAL and that Susan East is the manager of BK. Xerox states its belief that Richard East and Susan East are close relatives.

On December 12, 2005, this court granted a motion to withdraw filed by defendants' counsel based in large part on information that defendants were in the process of dissolving their corporate entities. Defendants failed to obtain new counsel[2] or file a status report on January 17,

---

[1]Xerox also named BK Direct, LLC (BK) as a defendant based on allegations that BK is the successor-in-interest of FMAL, and that BK has utilized the equipment that was leased to FMAL. Xerox has also alleged an alter ego relationship between FMAL and BK.

[2] As this court noted in its order of April 21, 2006, under the law of this circuit, corporations must be represented by attorneys and may not proceed pro se as defendants have done in this case. D-Beam Limited Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 973-

2006, as ordered by the court.

On March 16, 2006, Xerox filed a motion for summary judgment.  On March 22, 2006, this court dismissed defendant Financial Marketing Alliance, Inc. without prejudice, and dismissed Xerox's fourth claim for relief for recovery of personal property without prejudice. The remaining defendants failed to respond to Xerox's motion for summary judgment in spite of this court's extension of the under advisement deadline to facilitate a response.

ANALYSIS

Xerox's motion for summary judgment argues that there are no triable facts as to the causes of action in Xerox's complaint.  This court agrees.

A.      Breach of Contract

To state a claim for breach of contract, plaintiff must allege the existence of a contract, "its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff."  Slover v. Oregon State Board of Clinical Social Workers, 144 Or. App. 565, 570 (1996) (citing Fleming v. Kids and Kin Head Start, 71 Or. App. 718, 721 (1985)).  Because Xerox has satisfied its responsibilities and defendants have breached the contract by failing to remit payment for the leased equipment, this court recommends granting Xerox's motion as to this claim.

///

B.      Common Count

"Where a contract has been fully performed by one party, and nothing remains to be done but the payment of money by the other, the party who has performed his part of the contract may

74 (9th Cir. 2004) (citations omitted).

Page 4 - FINDINGS AND RECOMMENDATION

sue for and recover the amount due under the common counts of assumpsit, using the contract as evidence." Ram Development Corp. v. Siuslaw Enterprises, Inc., 283 Or. 13, 19 (1978) (citations omitted).  Because Xerox has performed under the lease agreement and defendants have failed to remit payment for the leased equipment, this court recommends granting Xerox's motion as to this claim.

C.      Unjust Enrichment

To state a cause of action for unjust enrichment, the plaintiff must show that it conferred a benefit on the defendant and that the defendant knowingly retained the benefit without paying for it.  L.S. Henriksen Constr., Inc. v. Shea, 155 Or. App. 156, 159 (1998).  Plaintiff must also establish that it would be unjust for the defendant to retain that benefit without paying for it.  Id. Because defendants have been unjustly enriched by use of the leased equipment without remitting payment to Xerox, this court recommends granting Xerox's motion as to this claim.

///

///

///

///

///

///

///

CONCLUSION

For the foregoing reasons, this court recommends that Xerox's motion for summary judgment (#27) be granted.

Page 5 - FINDINGS AND RECOMMENDATION

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review.  Objections, if any, are due May 25, 2006.  If no objections are filed, review of

the Findings and Recommendation will go under advisement on that date.  If objections are filed,

a response to the objections is due fourteen days after the date the objections are filed and the

review of the Findings and Recommendation will go under advisement on that date.


Dated this 10th day of May, 2006.


       /s/ Paul Papak

Honorable Paul Papak
United States Magistrate Judge